UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Jonathan Griggs,

               Plaintiff,

     v.

Sacramento City Unified School District,

               Defendant.

No. 2:20-CV-0724-KJM-JDP

ORDER

Plaintiff Jonathan Griggs alleges employment discrimination based on race and gender, as well as retaliation under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. *See generally* Compl., ECF No. 1.  Defendant Sacramento City Unified School District moves to dismiss the gender and retaliation claims and strike paragraphs eight, seventeen, and twenty-one of the complaint.  Mot. at 1–2, ECF No. 6.  Griggs opposes the motion.  Opp'n, ECF No. 9.  The court **grants in part** the motion to dismiss[1] with leave to amend and **denies** the motion to strike.

I.     **JUDICIAL NOTICE**

Each party has filed a request for judicial notice.  The District requests the court take judicial notice of the "Notice of Charge of Discrimination" it received from the United States Equal Employment Opportunity Commission (EEOC) after Griggs filed his first charge of

---

[1] The motion is untimely by three days.  Griggs asserts no prejudice by the delay; therefore, the court considers the merits of the motion.

discrimination.  Notice of Charge of Discrimination, Def. Req. for Judicial Notice Ex. A, ECF No. 6-2.  Griggs opposes this request, arguing the document is "not helpful or necessary."  Opp'n at 13.  Griggs requests judicial notice of the "EEOC Commission Charges" he filed in 2018.  EEOC Commission Charges, Pl. Request for Judicial Notice Ex A–B, ECF No. 10.  The District does not oppose this request.

When ruling on a motion to dismiss, a court may consider facts subject to judicial notice without converting the motion to dismiss into a motion for summary judgment.  *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  "[A court] may take judicial notice of records and reports of administrative bodies."  *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) (internal quotation marks omitted).  This includes EEOC charges and right-to-sue letters.  *See Hellmann-Blumberg v. Univ. of Pac.*, No. 12-286, 2013 WL 1326469, at *1 (E.D. Cal. Mar. 29, 2013); *Gallo v. Bd. of Regents of Univ. of Cal.*, 916 F. Supp. 1005, 1007 (S.D. Cal. 1995).  Therefore, the court **grants** both requests for judicial notice and will consider the Notice of Charge of Discrimination and the EEOC Commission Charges in deciding the motion to dismiss.

## II.    BACKGROUND

Griggs is an African American man.  Compl. ¶ 2.  He is currently employed by the District as a Personnel Technician II.  *Id.*  By 2015, Griggs had earned his MBA and had accumulated over six years of experience in human resources and employee compensation matters.  *Id.* ¶ 10; Opp'n at 1.  Griggs claims this training and experience qualified him for a promotion to a Human Resources Services Analyst (HRSA) or Personnel Specialist (PS) position, each of which have higher pay and better benefits.  Compl. ¶¶ 10, 14.  Between 2015 and 2016, Griggs applied for five such promotions (Positions #1–5); each time he was passed over for a less qualified applicant who was a different race or gender.  *Id.* ¶ 9.  During the same period, he also filed EEOC charges as follows:

- He was denied Position #1 on October 12, 2015.  Compl. ¶ 9(a).
- He filed his first EEOC charge (Charge #1) on April 5, 2016.  Compl. ¶ 16.  He argues this charge was based on race and sex.  Opp'n at 3.  However, in the notice

the EEOC sent to the District, only the "Race" box is checked under the heading "Circumstances of Alleged Discrimination."  Notice of Charge of Discrimination at 6.

- Griggs applied for Position #2 on May 9, 2016.  Compl. ¶ 9(b).  His application was denied on May 23, 2016.  *Id.* ¶ 37.

- He applied for Positions ## 3 through 5 between August and November of 2016.  *Id.* ¶ 9(c)–(e).  He does not allege the dates these applications were denied.

- He filed a second EEOC charge (Charge #2) on September 19, 2017.  *Id*. ¶ 17.

- He filed two amended charges on February 8, 2018 and February 21, 2018.  *See generally* EEOC Commission Charges.  These charges allege the same violations included in Charge #1 and Charge #2.  *See id.*

- He received right-to-sue letters from the EEOC with respect to both charges in January 2020.  Compl. ¶ 18.

Griggs then filed this action, alleging employment discrimination based on race, gender, and retaliation.  Compl., ECF No. 1.  His complaint includes four claims: (1) race discrimination in violation of Title VII of the Civil Rights Act of 1964, (2) gender discrimination under the same statute, (3) retaliation under the same statute, and (4) race discrimination in violation of 42 U.S.C. § 1981.  The District now moves to dismiss the second and third claims and to strike three paragraphs from the complaint.  Mot., ECF No. 6.  The motion is fully briefed and submitted on the papers.  Opp'n, ECF No. 9; Reply, ECF No. 13; Minute Order, ECF No. 18.

## III.  MOTION TO DISMISS

### A.  Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion to

3

1   dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim

2   to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

3   *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more

4   than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and

5   conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id*. (quoting

6   *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss

7   for failure to state a claim is a "context-specific task that requires the reviewing court to draw on

8   its judicial experience and common sense." *Id*. at 679. Ultimately, the inquiry focuses on the

9   interplay between the factual allegations of the complaint and the dispositive issues of law in the

10   action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

11         In making this context-specific evaluation, this court must construe the complaint in the

12   light most favorable to the plaintiff and accept as true the factual allegations of the complaint.

13   *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). This rule does not apply to "'a legal conclusion

14   couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) *quoted in*

15   *Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to judicial

16   notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v.*

17   *Golden State Warriors*, 266 F.3d 979, 988–89 (9th Cir. 2001).

18         **B.      Timeliness of Exhaustion—Sex Discrimination (Claim 2)**

19         Title VII requires a plaintiff file a timely charge with the EEOC or an equivalent state

20   agency before filing a lawsuit. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002).

21   Only unlawful employment actions that occurred within the statutory time period are actionable.

22   *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113–14 (2002). For that reason, a

23   complaint that initiates a lawsuit must contain enough detail to assure the court the plaintiff has

24   filed a timely charge with the EEOC or an equivalent state agency. *See Lyons v. England*,

25   307 F.3d 1092, 1104 (9th Cir. 2002). Courts can rely on equitable doctrines such as tolling or

26   estoppel to make exceptions for untimely claims, but such doctrines are applied sparingly.

27   *Morgan*, 536 U.S. at 113–14.

28   /////

4

The length of the statutory time period depends on where a charge is filed and what events occurred.  A charged filed with the EEOC "shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred."  42 U.S.C. § 2000e-5(e)(1).  But a charge initially filed with an appropriate State or local agency "shall be filed . . . within three hundred days."  *Id.*  Discrete acts, including failure to promote or refusal to hire, "occurred" on the day they happened.  *Morgan*, 536 U.S. at 110, 114.  Each "'incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'"  *Id.* at 114.

"Whether a plaintiff in a Title VII action has timely exhausted her administrative remedies 'is an affirmative defense, [so] the defendant bears the burden of pleading and proving it."  *Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1046 n.7 (9th Cir. 2009) (alteration in original) (quoting *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997)).  As a result, if the failure to exhaust is not "clear on the face of the complaint," a defendant must pursue a motion for summary judgment, not to dismiss.  *Diunugala v. Dep't of Conservation*, No. 16-3530, 2016 WL 11520821, at *1 (C.D. Cal. Sept. 14, 2016) (citing *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc) (interpreting analogous exhaustion requirements of the Prison Litigation Reform Act)).  Here, as summarized above, Griggs filed two charges with the EEOC.  Both charges can be considered as concurrently filed with the California Department of Fair Employment and Housing (DFEH).  *See Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir.2008) ("[A] charge filed with the State Employment Department is deemed filed with the EEOC pursuant to a worksharing [sic] agreement between the two entities"); *Downs v. Dep't of Water & Power*, 58 Cal. App. 4th 1093, 1097, 68 Cal. Rptr. 2d 590 (2d Dist.1997) ("The EEOC and the DFEH [have] each designated the other as its agent for receiving charges and agreed to forward to the other agency copies of all charges potentially covered by the other agency's statute.").  Charge #1 describes the District's failure to promote him to Position #1.  *See* Compl. ¶¶ 9(a), 16.  He filed this charge within 180 days after he was denied the promotion, so the filing satisfied the statutory exhaustion requirements for his claim based on Position #1.  *See id.* ¶¶ 16–18; 42 U.S.C. § 2000e-5(e)(1).  Charge #1 was filed before the adverse employment

1    actions related to Positions #2–5, however, so it cannot have satisfied the statutory exhaustion

2    requirements for those positions.

3         Charge #2 makes for a closer question.  It was filed September 19, 2017.  Compl. ¶ 17.

4    Three hundred days prior to September 19, 2017 fell on November 23, 2016.  *See id.*  Griggs does

5    not allege the dates of the adverse actions related to Positions ## 3 through 5, but he does allege

6    when he applied for each of those positions.  *See id.* ¶¶ 9(c)–(e).  He applied for Position #5, the

7    most recent, on November 14, 2016, only nine days before the November 23 limitations date.  *See*

8    *id.* ¶¶ 9(e), 17.  At this early stage, these allegations suffice to show Griggs exhausted his claims

9    related to Position #5 by filing Charge #2.  It is reasonable to infer Griggs was not denied the

10   promotion immediately after applying and thus that Charge #2 exhausted allegations regarding

11   his denial of Position #5.

12        The court reaches the same conclusion with respect to Griggs's allegations about Positions

13   ## 3 and 4.  He alleges he applied for Position #4 on October 12, 2016, a little more than a month

14   before the November 23 exhaustion deadline identified in his complaint.  *See* Compl. ¶ 9(d).  He

15   applied for Position #3 in August.  *See id.* ¶ 9(c).  Although he alleges the District rejected his

16   application for Position #3 early in the hiring process, before the "second tier" of interviews, *see*

17   *id.,* he also alleges he "has exhausted his administrative remedies prior to filing suit," *id.* ¶ 18.

18   These allegations suffice at this early stage.  *See, e.g.*, *Freeman v. Cty. of Sacramento Dep't of*

19   *Hum. Assistance*, No. 19-2418, 2020 WL 2539268, at *2 (E.D. Cal. May 19, 2020) (denying

20   motion to dismiss based on failure to exhaust Title VII claims in face of similar allegations;

21   collecting authority).

22        Griggs further contends he exhausted his claims related to Position #2.  Opp'n at 7–9.  He

23   was denied the promotion to Position #2 in May 2016, many months before the applicable

24   deadline.  Compl. ¶ 37.  It is therefore clear on the face of the complaint that Griggs did not

25   exhaust claims regarding Position #2.  Griggs's legal arguments to the contrary are unpersuasive

26   and unsupported by law.  First, Griggs argues all of the positions for which he applied, including

27   Position #2, are "well within the *actual* investigatory scope of Charge #2 and the *reasonable*

28   investigatory scope of Charge #1 because he was denied the same or similar positions [] based on

the same bases of discrimination (race and sex) against the same respondent [the District]." Opp'n at 9 (emphases in original) (citing *B.K.B.*, 276 F.3d at 1100). He argues similarly that both of his formal charges should be construed with the "utmost liberality" because he was unrepresented when he filed them and, together, the two charges allowed EEOC to perform its duty to investigate the claims alleged before this court. *See id.* at 9–10. Although it is true Ninth Circuit precedent prescribes leniency in construing the content of *pro se* complainants, this rule of lenity focuses on the subject matter of complaints, not their timeliness. *See B.K.B.*, 276 F.3d at 1100.

Second, Griggs argues the alleged failures to promote for all of the positions, including Position #2, were "certainly 'new acts occurring during the pendency of' Charge #1," for which he claims he was not required to file new charges of discrimination with the EEOC. Opp'n at 9 (citing *Oubichon v. N. Am. Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir. 1973)). However, the Supreme Court explicitly rejected this type of "continuing violation" approach in *Morgan*. 536 U.S. at 113–14. Each discrete adverse employment action must have a timely filing. *Id.* at 114. Hostile work environment claims are subject to different timeliness requirements if they involve a series of separate acts that collectively constitute one unlawful employment practice. *Id.* at 117. If one contributing act occurs within the filing period, a court may consider the entire time period of alleged adverse actions to determine liability. *Id.* But here, Griggs pleads a series of discrete employment actions, not a hostile work environment claim. *See* Compl. ¶¶ 9–18.

In sum, the court concludes Charge #1 was timely to exhaust claims related to Position #1 and Charge #2 was timely to exhaust claims related to Positions ##3 to 5. The District's motion is granted, however, with respect to Griggs's sex discrimination claim to the extent that claim is based on Position #2. At the same time, the court cannot rule out the possibility Griggs could plead facts showing he also timely exhausted his claims based on Position #2 or is entitled to equitable relief. Dismissal is therefore granted with leave to amend if possible within the confines of Federal Rule of Civil Procedure 11. *See Sonoma Cty. Ass'n of Ret. Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) ("Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant,

1    repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

2    opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'"

3    (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

4        **C.      Scope of Exhaustion—Sex Discrimination (Claim 2)**

5            Timing requirements form only one aspect of the exhaustion rules that govern claims

6    under Title VII.  Federal courts may only adjudicate claims that fall "within the scope of the

7    EEOC's *actual* investigation or an EEOC investigation which *can reasonably be expected* to

8    grow out of the charge of discrimination."  *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th

9    Cir. 1994) (emphasis in original) (internal quotations omitted).  Here as well, the language of

10   EEOC claims is construed "with utmost liberality since they are made by those unschooled in the

11   technicalities of formal pleading."  *Kaplan v. Int'l Alliance of Theatrical & Stage Employees*,

12   525 F.2d 1354, 1359 (9th Cir. 1975), *abrogated in part on other grounds by B.K.B.*, 276 F.3d

13   1091.  When considering whether plaintiffs have exhausted their administrative remedies, "the

14   crucial element of a charge of discrimination is the factual statement contained therein."  *B.K.B.*,

15   276 F.3d at 1100 (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462 (5th Cir. 1970)).

16           Here, the District challenges the alleged scope of Charge #1 as sufficient to support

17   exhaustion as required for Griggs's second claim here.  *See* Mot. at 4.  Griggs alleges race and sex

18   discrimination were included in Charge #1, Compl. ¶ 13, but he does not attach his original

19   EEOC charges or any documents that reflect the original language of Charge #1 or the scope of

20   the EEOC investigation that grew out of it.  He has attached only the amended claim he filed in

21   2018, which includes both race and sex allegations.  Meanwhile, the "Notice of Charge of

22   Discrimination" the District received for Charge #1, of which the court has taken judicial notice,

23   suggests Griggs alleged only race discrimination in his original claim.  Specifically, he did not

24   check the box for sex discrimination in that copy.  Notice of Charge of Discrimination at 6.

25   Griggs's other factual allegations do not permit the court to infer that his sex discrimination claim

26   was properly "within the scope of" or "reasonably [grew] out of" the investigation related to

27   Charge #1.  *See Farmer Bros,* 31 F.3d at 899.  His sex discrimination claim is therefore dismissed

28   to the extent that claim is based on Charge #1.  But because additional factual allegations could

1   permit a viable sex discrimination claim with respect to Charge #1, the court grants Griggs leave

2   to amend if he is able.

3       **D.**     **Retaliation (Claim 3)**

4        Griggs alleges the District retaliated against him for filing Charge #1 by denying his

5   application for Position #2 in May 23, 2016.  But as noted above, he did not file Charge #2 until

6   September 18, 2017, so that charge could only encompass retaliation after November 23, 2016.

7   *See* Compl. ¶ 17.  The district's motion to dismiss the retaliation claim is granted, with leave to

8   amend if possible within the confines of Rule 11.

9   **IV.**   **MOTION TO STRIKE**

10      **A.**     **Legal Standard**

11        Federal Rule of Civil Procedure 12(f) provides "[t]he court may strike from a pleading . . .

12   any redundant, immaterial, impertinent, or scandalous matter."  "'Immaterial matter is that which

13   has no essential or important relationship to the claim for relief or the defenses being pleaded[,

14   and] [i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the

15   issues in question.'"  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5

16   Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706–07, 711

17   (1990)), *rev'd on other grounds by* 510 U.S. 517 (2004).

18        A Rule 12(f) motion to strike serves "to avoid the expenditure of time and money that

19   must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ."

20   *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  The granting of a motion

21   to strike "may be proper if it will make trial less complicated or eliminate serious risks of

22   prejudice to the moving party, delay, or confusion of the issues."  *Taheny v. Wells Fargo Bank,

23   N.A.*, No. 10-2123, 2011 WL 1466944, at *2 (E.D. Cal. Apr. 18, 2011) (citing *Fantasy*, 984 F.2d

24   at 1527–28).  However, "[m]otions to strike are disfavored and infrequently granted."  *Neveu v.

25   City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citations omitted).  Indeed, a

26   motion to strike "'should not be granted unless it is clear that the matter to be stricken could have

27   no possible bearing on the subject matter of the litigation.'"  *Id.* (quoting *Colaprico v. Sun

28   Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)); *see also Wynes v. Kaiser*

1   *Permanente Hospitals*, No. 10-00702, 2011 WL 1302916, at *12 (E.D. Cal. Mar. 31, 2011)

2   (noting "courts often require a showing of prejudice by the moving party").

3           In ruling on a motion to strike, a "court[] may not resolve disputed and substantial factual

4   or legal issues . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)

5   (internal quotation omitted).  Finally, "leave to amend should be freely given" unless there is a

6   showing of prejudice to the moving party.  *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826–27

7   (9th Cir. 1979) (citing Fed. R. Civ. P. 15(a)) (other citations omitted).

8           **B.      Analysis**

9           The District moves to strike paragraphs eight, seventeen, and twenty-one of the complaint,

10  Mot. at 2, arguing Griggs "attempts to bring in alleged events that occurred outside of any EEOC

11  complaint [or] statutory period for any cause of action alleged pled here," *id.* at 6.

12          Paragraph eight describes how two Caucasian men "with significantly less education and

13  relevant work experience than [Griggs]" were promoted to HRSA positions without a competitive

14  hiring process.  Compl. ¶ 8.  One promotion took place in July 2012 and the other in September

15  2013.  *Id.*  The District argues any adverse employment action related to these events occurred

16  several years beyond the 300-day window opened by virtue of Griggs's EEOC charges.  Mot.

17  at 2.  Griggs argues these incidents are "relevant background evidence in a proceeding in which

18  the status of a current practice is at issue."  Opp'n at 11 (quoting *United Air Lines, Inc. v. Evans*,

19  431 U.S. 553, 558 (1977)).  Although discrete discriminatory acts are not actionable if untimely,

20  Title VII's exhaustion requirements do not "bar an employee from using the prior acts as

21  background evidence to support a timely claim."  *Morgan*, 536 U.S. at 102.  Following *Morgan*,

22  the Ninth Circuit confirmed plaintiffs may offer evidence of past acts of discrimination as

23  background evidence.  *Lyons*, 307 F.3d at 1111–12 (allowing, as background, statistical

24  information and other evidence of discriminatory practices).  Griggs's allegations about

25  Caucasian male comparators provide relevant background and may have a "possible bearing on

26  the subject matter of the litigation."  *Neveu*, 392 F. Supp. 2d at 1170.  The motion to strike

27  paragraph eight is denied.

28  /////

1    Next, the District moves to strike references to Charge #2 and Positions #2 to #5 in

2   paragraphs seventeen and twenty-one, respectively.  Mot. at 6–7.  It argues the allegations

3   supporting Charge #2 serve no purpose but to complicate the issues, *id.* at 6, because Charge #2

4   "was not timely as to any of the Job Positions at issue in [Griggs'] Complaint," *id.* at 2.

5   Similarly, it argues the references to Positions ## 2 to 5 are irrelevant because Griggs did not file

6   a timely EEOC charge that covered these positions, *id.* at 2.  As the court has concluded above,

7   the claims based on Charge #2 and Position ## 2 to 5 may be viable, so they may have a "possible

8   bearing on the subject matter of the litigation."  *Neveu*, 392 F. Supp. 2d at 1170.  The motion to

9   strike these paragraphs is denied as well.

10   **V.    CONCLUSION**

11    The motion to dismiss and to strike is denied in part and granted in part with leave to

12   amend as follows:

13    •    Claim two for sex discrimination is **dismissed with leave to amend** with respect

14        to the allegations based on Charge #1 and Position #2.  The motion to dismiss the

15        sex discrimination claim is **otherwise denied**.

16    •    Claim three for retaliation is **dismissed with leave to amend**.

17    •    The motion to strike is **denied**.

18   This order resolves ECF No. 6.

19    IT IS SO ORDERED.

20   DATED:  April 23, 2021.

21                                    _____

                                    CHIEF UNITED STATES DISTRICT JUDGE