1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    Jonathan Griggs,                            No. 2:20-CV-0724-KJM-JDP

12                        Plaintiff,              ORDER

13            v.

14    Sacramento City Unified School District,

15                        Defendant.

16

17          Plaintiff Jonathan Griggs alleges the Sacramento City Unified School District repeatedly

18    passed him over for promotions.  Griggs alleges that, in doing so, the District discriminated

19    against him based on his race and gender and retaliated against him in violation of Title VII of the

20    Civil Rights Act of 1964 and 42 U.S.C. § 1981.  The District moves to dismiss the gender and

21    retaliation claims.  The court **grants the motion as to the retaliation claim and otherwise**

22    **denies the motion to dismiss.**

23    I.      BACKGROUND

24          Griggs is an African American man.  First Am. Compl. (FAC) ¶ 2, ECF No. 27.  He is

25    currently employed by the District as a Personnel Technician II.  *Id*.  Griggs claims that, between

26    2015 and 2016, he was passed over for five promotions.  Each time, a less qualified applicant

27    who was not an African American man, was chosen.  *Id*. ¶ 9.  During this time, Griggs filed two

28    /////

                                              1

1    EEOC charges.  A chronology showing the positions for which he applied and the EEOC charges

2    is as follows:

3        • On September 8, 2015, Griggs applied for Position 1.  Defendant denied his

4          application on October 12, 2015 in favor of an Hispanic female.  *Id.* ¶ 9(a).

5        • On April 5, 2016, Griggs filed his first EEOC charge (Charge 1), alleging race

6          discrimination only.  *Id.* ¶ 16.  About a week later, EEOC Intake Coordinator Juanita

7          Rodriguez interviewed Griggs and "asked if he . . . wanted to [add a] claim [for]

8          sex/gender discrimination to his Charge.  He agreed."  *Id.* ¶ 17.  Around April 28,

9          2016, Rodriguez informed Griggs the defendant "had been mailed a Notice of Charge

10         of Discrimination."  *Id.* ¶ 20.  Based on his prior conversations with Rodriguez,

11         Griggs "believe[d] that sex/gender discrimination was included in the Notice of

12         Charge of Discrimination," but it was not.  *Id.*  Rodriguez refused to give Griggs a

13         copy of the Notice of Charge of Discrimination, despite his request for one.  *Id.*

14       • Position 2: Griggs applied on May 9, 2016.  Defendant denied his application on

15         May 20, 2016, in favor of a Caucasian female.  *Id.* ¶ 9(b)

16       • Position 3: Griggs applied on August 26, 2016.  Defendant denied his application on

17         September 28, 2016, in favor of a Caucasian male.  *Id.* ¶ 9(c)

18       • Position 4: Griggs applied on October 12, 2016.  Defendant denied his application on

19         October 28, 2016, in favor of a Caucasian female.  *Id.* ¶ 9(d)

20       • Position 5: Griggs applied on November 14, 2016.  Defendant denied his application

21         on December 19, 2016, in favor of a Caucasian female.  *Id.* ¶ 9(e)

22       •  On September 19, 2017, Griggs discussed Charge 1 with Rodriguez, who explained

23         Charge 1 was based on race discrimination alone.  *Id.* ¶ 45.  Griggs disputed this

24         characterization, pointing to their previous conversations.  *Id.*  Rodriguez told Griggs

25         for the first time that he needed to file a new charge for gender discrimination.  *Id.*

26         ¶¶ 45–46.  That day, Griggs filed a second EEOC charge (Charge 2) based on both

27         race and gender discrimination as well as retaliation.  *Id.* ¶ 46.

28       • He received right-to-sue letters from the EEOC in January 2020.  *Id.* ¶ 56.

2

1    Generally, from April 2016 to February 2018, Griggs emailed and spoke with Rodriguez

2  about his desire to make both race and sex discrimination allegations.  *Id.* ¶¶ 18–52.  This

3  included informing Rodriguez when he applied for and was denied Positions 2 through 5.

4  Throughout this time, Rodriguez did not advise Griggs that he needed to initiate new EEOC

5  filings each time when he was not hired for Positions 2 through 5.  *Id.* ¶¶ 25, 26, 32, 34, 43.

6    In April 2020, Griggs filed this action, asserting employment discrimination based on a

7  range of race, gender and retaliation allegations.  Compl., ECF No. 1.  Following a motion to

8  dismiss, Mot., ECF No. 6, the court dismissed the claims for gender discrimination as to Charge 1

9  and Position 2 as well as the retaliation claim, with leave to amend.  Prev. Order at 11, ECF

10  No. 24.  Griggs amended his complaint, again alleging: (1) race discrimination in violation of

11  Title VII of the Civil Rights Act of 1964, (2) gender discrimination under the same statute,

12  (3) retaliation under the same statute, and (4) race discrimination in violation of 42 U.S.C. § 1981.

13  *See generally* FAC.  The District again moves to dismiss the gender and retaliation claims (claims

14  2 and 3).  Mot., ECF No. 30-1.  The motion is fully briefed and the court submitted it without oral

15  argument.  Opp'n, ECF No. 31; Reply, ECF No. 32; Minute Order, ECF No. 33.

16  **II.    LEGAL STANDARD**

17    As the court previously has reviewed, a party may move to dismiss for "failure to state a

18  claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The motion may be granted

19  only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a

20  cognizable legal theory.  *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th

21  Cir. 2013).  The court assumes all factual allegations are true and construes "them in the light

22  most favorable to the nonmoving party."  *Steinle v. City & Cty. of San Francisco*, 919 F.3d 1154,

23  1160 (9th Cir. 2019) (citation omitted).  If the complaint's allegations do not "plausibly give rise

24  to an entitlement to relief," the motion must be granted.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679

25  (2009).  The evaluation of plausibility is a context-specific task drawing on "judicial experience

26  and common sense."  *Id*.

27  /////

1    **III.    ANALYSIS**

2         The District moves to dismiss all the gender and retaliation claims, arguing Griggs did not

3    file timely EEOC charges covering these protected categories.  Title VII requires a plaintiff file a

4    timely charge with the EEOC or an equivalent state agency before filing a lawsuit.  *Nat'l R.R.*

5    *Passenger Corp. v. Morgan*, 536 U.S. 101, 113–14 (2002); *B.K.B. v. Maui Police Dep't*, 276 F.3d

6    1091, 1099 (9th Cir. 2002).  "Because California is a 'deferral' state,[1] the claim must be filed

7    within 300 days of the claimed event of discrimination."  *Josephs v. Pac. Bell*, 443 F.3d 1050,

8    1053–54 (9th Cir. 2006) (citing 42 U.S.C. § 2000e–5(e) (2003)).

9         The "defendant bears the burden of pleading and proving" a claim was not exhausted.

10   *Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1046 n.7 (9th Cir.

11   2009) (citation omitted).  If the failure to exhaust is not "clear on the face of the complaint," a

12   defendant must pursue a motion for summary judgment, not to dismiss.  *Diunugala v. Dep't of*

13   *Conservation*, No. 16-3530, 2016 WL 11520821, at *1 (C.D. Cal. Sept. 14, 2016) (citing *Albino*

14   *v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc) (interpreting analogous exhaustion

15   requirements of Prison Litigation Reform Act)).

16        **A.    Retaliation**

17        Here, Griggs claims retaliation only with respect to Position 2.  FAC ¶ 75.  In reviewing

18   the original complaint, the court noted this position does not fall within the scope of either EEOC

19   Charge.  Prev. Order at 9.  The operative complaint does not provide any new allegations to show

20   now that the retaliation Griggs alleges is within the scope of either EEOC Charge.  Accordingly,

21   the court dismisses the retaliation claim without leave to amend.  *See Sonoma Cty. Ass'n of*

22   *Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*,

23   371 U.S. 178, 182 (1962)) ("Courts may decline to grant leave to amend only if there is . . .

24   /////

---

[1] Deferral states are those "which have their own fair employment practice agencies." *Mohasco Corp. v. Silver*, 447 U.S. 807, 812 (1980); Deferral State, Practical Law Glossary Item 6-572-6885 ("A state with a state or local Fair Employment Practices Agency [ ] authorized to enforce its state or local anti-discrimination laws.").

1    repeated failure to cure deficiencies by amendments previously allowed . . . [or] futility of

2    amendment, etc.'").

3              **B.       Gender Discrimination**

4              With respect to the gender discrimination claim, based on the face of the complaint

5    Charge 2 was timely as to Position 5, because it was filed within 274 days.  But defendant's

6    decisions not to hire defendant for Positions 2 through 4 all took place outside the statutory

7    period.  The District denied Griggs position 4 on October 28, 2016, 326 days before he filed

8    Charge 2.  Thus, while the gender discrimination claim is timely with respect to Position 5, the

9    remaining positions and claims are actionable only if the limitations period is equitably tolled.

10             Griggs argues his extensive communication with Rodriguez at the EEOC gives rise to

11   equitable tolling.  Opp'n at 8–10.  Courts can rely on equitable doctrines such as tolling or

12   estoppel to make exceptions for untimely claims, but such doctrines are applied sparingly.

13   *Morgan*, 536 U.S. at 113–14.  An equitable exception does exist "when an EEOC representative

14   misleads the plaintiff concerning his claim."  *Josephs*, 443 F.3d at 1054 (citation omitted).  In

15   particular, this exception applies if the plaintiff:

16             (1) diligently pursued his claim; (2) was misinformed or misled by the
17             administrative agency responsible for processing his charge; (3) relied in fact on the
18             misinformation or misrepresentations of that agency, causing him to fail to exhaust
19             his administrative remedies; and (4) was acting *pro se* at the time.

20   *Id*. (quoting *Rodriguez v. Airborne Express*, 265 F.3d 890, 901–02 (9th Cir. 2001)).  "A litigant

21   seeking equitable tolling bears the burden" of establishing it.  *Perryman v. Emp. Dev. Dep't State*

22   *of California*, No. 5:19-1152, 2020 WL 7906692, at *4 (C.D. Cal. Oct. 27, 2020) (citing *Kwai*

23   *Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013), *aff'd and remanded sub nom. United*

24   *States v. Wong*, 575 U.S. 402 (2015)) (marks omitted).

25             The complaint here expressly alleges that, while *pro se*, Griggs meticulously pursued his

26   discrimination claims, informing the EEOC each time he was passed over for another promotion

27   and indicating during interviews the forms of discrimination, beyond race, he thought were at

28   issue.  FAC ¶¶ 23–39, 41.  As alleged, Griggs's actions went beyond merely discussing different

29   protected classes that may have been implicated by his complaints.  *Id*. ¶¶ 41–44.  Rodriguez's

5

1    questions of Griggs, during her interview of him about Charge 1, led Griggs to believe that his

2    gender claim could and would be added to Charge 1.  *See id.* ¶¶ 17, 45; *cf. Bradley v. Cty. of*

3    *Sacramento Dep't of Hum. Assistance of N. California Welfare Div.*, No. 2:13-2420, 2015 WL

4    4478171, at *5 (E.D. Cal. July 22, 2015), *report and recommendation adopted sub nom. Bradley*

5    *v. Cty. of Sacramento*, No. 13-2420, 2015 WL 5147580 (E.D. Cal. Aug. 26, 2015) (holding a

6    plaintiff is not entitled to equitable tolling by "merely assert[ing] that . . . she discussed 'the race

7    issue' with the EEOC" if the "plaintiff was well aware" only age allegations were included in her

8    EEOC charge).  Griggs alleges during his communications with Rodriguez through

9    September 19, 2017, he was led to believe Charge 1 included gender discrimination allegations.

10    FAC ¶ 53.  In other words, the amended complaint includes plausible factual allegations that

11    Rodriguez's actions and representations misled Griggs to believe he did not have to amend

12    Charge 1 or file a new EEOC charge to ensure sex discrimination was covered.  These allegations

13    permit the court to conclude Griggs could prevail on a request for equitable tolling for the time

14    period of April 16, 2016 September 19, 2017.  *See Rosseter v. Indus. Light & Magic*,

15    No. 08-04545, 2009 WL 764496, at *2 (N.D. Cal. Mar. 20, 2009) (finding tolling adequately

16    pleaded because "plaintiff allege[d] that he contacted the proper agency in a reasonable period of

17    time, was misinformed" about proper deadlines and relied on that misinformation).  Only 186

18    days ran from the day Griggs was denied Position 1 and his first conversation with Rodriguez,

19    which led him to believe gender discrimination was added to Charge 1, FAC ¶¶ 9(a), 17, and

20    Griggs filed Charge 2 the day he learned he needed to file a new charge to encompass this claim,

21    *id.* ¶ 46.  Thus, his filing of Charge Two was timely.

22         For its part, the District argues it did not receive timely notice of Griggs's claims and the

23    delay prevented it from "preserv[ing] evidence or further investigat[ing] such claims while

24    memories were still fresh."  Mot. at 6.  Furthermore, the District notes Griggs's delay in filing

25    was not caused by its own "bad faith or dilatory actions."  *Id*.  These considerations do not alter

26    the court's conclusion that Griggs's allegations are sufficient to plead "equitable tolling that

27    prevents [his claims] from being time-barred," although his claims are "subject to proof at trial or

28    on summary judgment."  *Rosseter*, 2009 WL 764496, at *2; *cf. Theodule v. Blue Mercury*,

1   No. 17-5581, 2018 WL 4110555, at *4 (N.D. Cal. Aug. 29, 2018) (granting motion to dismiss

2   where plaintiff "failed to demonstrate that this equitable exception applies" because she had "not

3   submitted any evidence to substantiate what the person at the EEOC told her, despite being

4   ordered to do so" and also had not demonstrated reliance).

5   **IV.**   **CONCLUSION**

6       The motion to dismiss is **granted in part**.  The retaliation claim is **dismissed without**

7   **leave to amend** and the motion is otherwise **denied**.

8       This matter is now referred to the court's ADR Coordinator Sujean Park for the prompt

9   scheduling of a mediation with a member of the court's Voluntary Dispute Resolution Panel.

10       This order resolves ECF No. 30.

11       IT IS SO ORDERED.

12   DATED:  January 31, 2022.

13

                                        CHIEF UNITED STATES DISTRICT JUDGE